Filed 3/18/21  P. v. Espinoza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>GEORGIANN PATRICIA ESPINOZA,<br><br>  Defendant and Appellant. | C090483<br><br>(Super. Ct. No. NCR83573) |

Defendant Georgiann Patricia Espinoza appeals from an order that extends for two years her commitment to the state mental hospital pursuant to Penal Code section 1026.5.[1]  The parties agree that we should dismiss defendant's appeal because it is non-justiciable and vacate the superior court's order because it was premature.  We will dismiss the appeal.

---

[1] Undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

In 2012, defendant entered a plea of not guilty by reason of insanity to the charge of arson of an inhabited structure or property (§ 451, subd. (b)), and the trial court found that she had been insane at the time of her crime. On June 8, 2012, the superior court committed defendant to Napa State Hospital for a maximum term of eight years, with 94 days of custody credit.

On May 15, 2019, the district attorney's office filed a petition to extend defendant's commitment. Finding that defendant posed a substantial danger of physical danger to others, the superior court extended the commitment by two years, to August 16, 2021.

Defendant filed a timely notice of appeal.

# II. DISCUSSION

The attorney general contends, and defendant agrees, that this appeal must be dismissed because the case is not justiciable. We agree.

"A criminal defendant who pleads [not guilty by reason of insanity] and who is found legally insane at the time of the offense may be committed to a state medical facility for a period as long as the maximum sentence that could have been imposed for the underlying offense." (*People v. Tran* (2015) 61 Cal.4th 1160, 1165, citing § 1026.5, subd. (a)(1).) Except as provided in section 1026.5, a "person may not be kept in actual custody longer than the maximum term of commitment." (§ 1026.5, subd. (a)(1).) The phrase "maximum term of commitment" means "the longest term of imprisonment which could have been imposed for the offense or offenses of which the person was convicted, including the upper term of the base offense and any additional terms for enhancements and consecutive sentences which could have been imposed less any applicable credits as defined by Section 2900.5, and disregarding any credits which could have been earned pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3." (§ 1026.5, subd. (a)(1).) By statute, "[t]ime spent on outpatient status, except when

2

placed in a locked facility at the direction of the outpatient supervisor, shall not count as actual custody and shall not be credited toward the person's maximum term of commitment or toward the person's term of extended commitment." (§ 1026.5, subd. (b)(8).)

In consideration of the opinion of the medical director of the facility or hospital to which the defendant has been committed, a prosecutor "may [] file a petition with the superior court seeking to extend the defendant's commitment by two years." (*People v. Tran, supra*, 61 Cal.4th at p. 1165; see § 1026.5, subds. (b)(2), (b)(8).) The medical director's report must be submitted to the prosecutor "[n]ot later than 180 days prior to the termination of the maximum term of commitment," and the prosecuting attorney must file a petition to extend the commitment "no later than 90 days before the expiration of the original commitment unless good cause is shown." (§ 1026.5, subd. (b)(2).)

Here, the petition to extend defendant's commitment was filed prematurely because she had—and still has—years left on her original maximum term of commitment. The court's order had the practical effect of impermissibly shortening defendant's requisite term of commitment in contravention of section 1026.1, subdivision (b), and the intent of section 1026.5, subdivision (a). The record shows that defendant's original maximum term of commitment will not expire until on or about October 6, 2022. On June 8, 2012, the court committed defendant to Napa State Hospital for a maximum term of eight years, with 94 days of credit for time served. After defendant was credited 94 days for time served, her maximum term of commitment was 2,826 days.

On August 26, 2015, defendant was conditionally released to outpatient status through the Conditional Release Program (CONREP). Assuming June 8, 2012, is the operative date from which to calculate the service of commitment, defendant had served 1,174 days of her maximum term of commitment of 2,826 days, with 1,652 days remaining. Nothing in the record shows that she was "placed in a locked facility at the direction of [an] outpatient supervisor." (See §§ 1026.5, subd. (b)(8), 1600.5) On

3

March 29, 2018, defendant was readmitted to Napa State Hospital after revocation of her conditional outpatient release. Based on this readmission date, defendant spent 946 days on outpatient release and still had to serve 1,652 days of her maximum term of commitment. Between the date of her readmission to the hospital and the filing of the petition to extend her commitment on May 15, 2019, defendant served an additional 412 days. Thus, she had served a total of 1,586 days against her maximum term of commitment of 2,826 days, with 1,240 days remaining. Thus, her maximum term of commitment does not expire until approximately October 6, 2022.

This appeal from the superior court's order extending defendant's unexpired term thus presents a nonjusticiable case or controversy. "It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489.) "When the court cannot grant *effective* relief to the parties to an appeal, the appeal must be dismissed." (*Id.* at p. 1490.) That is the case here because this court cannot grant any effective relief to defendant even if it rules entirely in her favor on the merits. Defendant's original maximum term of commitment will not expire until October 2022, no matter how this court resolves her appeal of the order granting the premature petition to extend her commitment. Accordingly, defendant's appeal is not justiciable and should be dismissed.

If left in place, the court's order extending defendant's commitment period to August 16, 2021, would have the effect of reducing her maximum term of commitment by over one year. Section 1026.1 provides the only three ways in which a court may release a defendant committed to a state hospital pursuant to section 1026. (*People v. Soiu* (2003) 106 Cal.App.4th 1191, 1195.) Relevant here, section 1026.1, subdivision (b) permits a court to release such a committed person "[u]pon expiration of the maximum term of commitment as provided in subdivision (a) of Section 1026.5, except as such term may be extended under the provisions of subdivision (b) of Section 1026.5." Thus,

4

the trial court's order mistakenly reducing defendant's maximum term of commitment by over one year must be vacated.

## III.  DISPOSITION

The appeal is dismissed.  The matter is remanded to the superior court for further proceedings consistent with this opinion, and the court is directed to vacate its order extending defendant's commitment to August 16, 2021.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

DUARTE, J.